CHARLES G. BOYLAN, Respondent, *v.* SOUTHERN PACIFIC COMPANY, Appellant.

Second Department, January 28, 1938.

*George F. Tinker*, for the appellant.

*Harry D. Thirkield* [*James B. M. Mc Nally* with him on the brief], for the respondent.

DAVIS, J. The defendant, having appealed from a judgment for plaintiff, now appeals from an order in so far as it denies its motion to settle an abridged record on appeal by dispensing with the printing of a part of the stenographer's minutes of the testimony.

The action was one to recover damages for personal injuries under the provisions of section 688 of title 46 of the United States Code. The complaint contained three causes of action. The third was discontinued during the trial; and the jury found for the defendant on the first cause. The plaintiff had a verdict on the

second cause. From the judgment entered thereon the defendant has appealed. There is no appeal by plaintiff.

In the proposed case on appeal the defendant seeks to eliminate all testimony bearing on the first and third causes of action. The plaintiff's counsel has failed to agree; and on the motion to settle the case the trial justice has directed that all the evidence be printed. An examination of the minutes and the proposed case discloses that the appellant's counsel has carefully excluded only such testimony as has no bearing on the questions to be presented, save for a few verbal errors.

The practice is well settled in such cases. It is necessary to print only such part of the evidence and other proceedings on the trial as is material to the questions to be raised on the appeal. (Civ. Prac. Act, § 576; Rules Civ. Prac. rule 232.) For many years this rule has been made effective. (*Derby* v. *General Electric Co.*, 208 App. Div. 529, and cases cited therein.)

If counsel for appellants would give personal attention to the preparation of cases on appeal, they would find it unnecessary in many cases to print voluminous records. Instead, where only a question of law is presented, a short bill of exceptions would suffice. In other cases the record could be greatly abridged by printing only the material parts of the testimony with adverse rulings and exceptions taken by appellant. This would save delay and unnecessary expense in printing, make briefing simpler for both counsel and relieve the courts from the burden involved in reading a record incumbered with matter in no way related to the questions to be decided. All this has been stated repeatedly by the courts. (See *Derby* v. *General Electric Co., supra; Martin* v. *Donnelly,* 223 App. Div. 353; *Moran* v. *Rainbow Appliance Corporation,* 225 id. 587; *Matter of Coyle* v. *Howell, Fields & Goddard, Inc.,* 228 id. 388; *Capone* v. *Matteo Realty Corp.,* 241 id. 845; *People* v. *Foote,* Id. 846.) If counsel will not observe the rule, it may be necessary for appellate courts to reject records that do not conform to it.

It is of course important that counsel for the respondents co-operate in thus bringing about an abridgment on settlement of the case, and not captiously insist on printing matter that is not material. We commend the diligence and persistence of appellant's counsel in this case in seeking to obtain a proper record in the face of great discouragement. We may add that he could have eliminated still more immaterial matter by omitting to print in full the first and third causes of action in the complaint, the order for a bill of particulars, and such parts of the bill relating to the causes of action not involved in the appeal; and by printing in

lieu thereof a short statement of the contents and the result of the trial in respect thereto.

The order, in so far as an appeal is taken therefrom, should be reversed on the law and the facts, with ten dollars costs and disbursements, and the motion granted, with leave to respondent, if so advised, to settle and print a supplemental record containing such testimony as he deems to be indispensable to the determination of the appeal, to be settled before the trial justice on three days' notice, when minor corrections will be made.

LAZANSKY, P. J., CARSWELL, JOHNSTON and TAYLOR, JJ., concur.

Order, in so far as an appeal is taken therefrom, reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, with leave to respondent, if so advised, to settle and print a supplemental record containing such testimony as he deems to be indispensable to the determination of the appeal, to be settled before the trial justice on three days' notice, when minor corrections will be made.