GRACE SCHEFFER, Plaintiff, v. JOHN SCHEFFER, Defendant.

Supreme Court, Special Term, Nassau County, May 31, 1944.

*Alexander Ackerson* for plaintiff.

*Irving Cahn* for defendant.

HALLINAN, J. The plaintiff's motion is granted as to items " 1 " and " 3 "; denied as to item " 2 ". Books and records bearing upon the facts embraced in the items as to which examination has been granted will be produced and used in accordance with section 296 of the Civil Practice Act.

The court is of the opinion that the plaintiff has the right to take the defendant's deposition in respect to his financial standing and earnings. This is so notwithstanding that such deposition is to be used at hearings before an official referee, to whom

has been referred a motion by the plaintiff to punish the defendant for contempt of court for failure to pay the alimony required by a final judgment of divorce and a cross motion by the defendant to modify such judgment by reducing the alimony. Examinations before trial as to a husband's financial ability have been denied in matrimonial actions upon the theory that in advance of the establishment of the right to a separation or a divorce, the plaintiff should not be permitted to examine the defendant as to his financial affairs. (*Safrin* v. *Safrin*, 205 App. Div. 628; *Fitzpatrick* v. *Fitzpatrick*, 257 App. Div. 824; *Schultz* v. *Schultz*, 258 App. Div. 971.) Here, however, the right to a divorce has been established by a final judgment of divorce, and it is necessary for the plaintiff to obtain information concerning the earnings and financial condition of the defendant in order to properly present her case to the official referee. Otherwise, the reference might prove abortive and of little value; at best, a wife generally has little knowledge of the financial condition of a husband from whom she has been separated or divorced.

It has been held that after an interlocutory judgment, the settlement of an account before a referee, in respect of which objections have been filed, constitutes a trial within the meaning of the statute authorizing examinations before trial. (Civ. Prac. Act, § 288; *Colonial Trust Co.* v. *Alexander*, 251 App. Div. 856.) The situation here is similar notwithstanding that the judgment involved is a final one because the duty of the husband to support his wife is continued in the form of an award of alimony despite the fact that the final judgment of divorce has put an end to the relationship of husband and wife.

Under section 1170 of the Civil Practice Act " the court is authorized at any time after final judgment to annul, vary or modify such an award; or, if there was no award, to make one by amendment. \* \* \* The effect of the statute is to write a reservation into every final judgment of divorce. The jurisdiction of the court over the parties and over the incidental subject-matter is prolonged; and to that extent the action may be said to be pending \* \* \* ." (*Fox* v. *Fox*, 263 N. Y. 68, 70.)

In addition, it would seem that under the provisions of section 293 of the Civil Practice Act, the plaintiff has the right to an examination before trial for it is there specifically provided that such an examination may be had after judgment." in order to carry the judgment into effect \* \* \*." Proceeding such as have here been referred to an official referee, clearly come within the meaning of the foregoing language.

Submit order.