MILDRED BISHOP, Plaintiff, *v.* RONALD BISHOP, Defendant.

Supreme Court, Special Term, Kings County, May 18, 1949.

*Louis H. Robinson* for plaintiff.

*Danahy & Delaney* for defendant.

KLEINFELD, J. Plaintiff's motion, pursuant to section 307 of the Civil Practice Act, to take deposition of defendant's employer regarding defendant's earnings for use upon a prospective motion to increase alimony.

The motion lies under section 307. Defendant contends that the application is a " fishing expedition ", and cites Carmody

on New York Pleading and Practice (Vol. I, p. 575) which discusses this section as follows:

" The party must know what facts the person whose deposition is sought can testify to, and such facts must be relevant to and necessary to the motion. The statute does not authorize a fishing examination to ascertain whether a person may not know something material to be proven on the motion ".

There can be no dispute, in the case at bar, as to the knowledge of the employer regarding the defendant's earnings. Nor can defendant seriously contend that this information is not material. The judgment provides for $10 per week alimony for the support of the plaintiff and one child, issue of the marriage. This alimony provision resulted from a prior separation agreement, incorporated, by consent, into the judgment. It may well appear, after defendant's earnings are ascertained, that such provision for a wife and child is unconscionable and void, as contrary to public policy, at least insofar as the infant is concerned.

There does not appear to be a reported decision as to the applicability of section 307 of the Civil Practice Act to a motion to increase alimony. However, the situation presented falls squarely within the provisions of the section. (Grossman, New York Law of Domestic Relations, § 815.)

The motion is granted. Settle order on notice, providing that the matter be referred to an official referee to take the deposition pursuant to rule 120 of the Rules of Civil Practice.