Judith Haber, Plaintiff, *v.* William Haber, Defendant.

Supreme Court, Special Term, Kings County, October 13, 1950.

*Bennett E. Siegelstein* for plaintiff.

*Louis R. Barnett* for defendant.

Di Giovanna, J. A prior order of this court directed a reference to an Official Referee to hear and determine a motion to modify a final decree herein. The plaintiff herein sought to have the court increase the amount of alimony awarded under the final decree. By the instant motion the plaintiff seeks to examine the defendant " in aid of a hearing which is to be had before an Official Referee." The court finds no authority for the granting of this motion. Pursuant to section 293 of the Civil Practice Act an examination may be had of a party " after judgment in order to carry the judgment into effect." The present application to modify the final judgment by increasing the amount of alimony is not any procedure designed " to carry the judgment into effect." The plaintiff has cited *Scheffer* v. *Scheffer* (183 Misc. 344) as authority. However, in that case an examination was allowed where the application to the court had been to punish the defendant for contempt of court. An application to punish for contempt of court is a procedure " to carry the judgment into effect." The case of *Bishop* v. *Bishop* (195 Misc. 182) is not in point. Therein a motion was made to examine a person not a party to the action pursuant to section 307 of the Civil Practice Act. The case of *Macero* v. *Macero* (N. Y. L. J., Feb. 3, 1950, p. 442, col. 1) cites as authority the case of *Scheffer* v. *Scheffer* (*supra*). However, in view of the

finding of this court that an application to modify a judgment does not come within the meaning of section 293 of the Civil Practice Act, the court cannot rely thereon as authority. Submit order denying motion.