Vincent A. Lupiano, J.
This is a motion to take the deposition of witnesses pursuant to section 288 of the Civil Practice Act. It is ancillary to a motion and cross motion, returnable before me, which sought, pursuant to section 1170 of the Civil Practice Act, to modify a judgment of separation. The plaintiff applied for an increase in the amount of support provided for herself and her infant child, and the defendant requested that the support be conditioned upon plaintiff’s compliance with his visitation privileges. It was then determined that an adequate showing of alleged change in circumstances had been made to warrant an inquiry. Since the judgment of separation had been entered upon consent, without a separation agreement, and since there had been no previous judicial inquiry as to defend *1005 ant’s ability to pay, the need for “ an inquiry in full ” was apparent and this matter was referred to an Official Referee. Subsequent thereto, various ancillary motions were granted for pretrial examinations of the parties pertinent to issues raised in the principal motions (Phillips v. Phillips, 1 A D 2d 393; Wenglinsky v. Wenglinsky, 282 App. Div. 1015).
The plaintiff now desires to examine certain witnesses. The defendant opposes the motion upon the grounds that the court is without authority to grant an examination under section 288 of the Civil Practice Act after trial, and that there have been no special circumstances presented to warrant an examination of witnesses.
In Fox v. Fox (263 N. Y. 68, 70), the court held that the effect of section 1170 of the Civil Practice Act was to continue the jurisdiction of the court over the incidental subject matter after final judgment of divorce or separation, “ and to that extent the action may be said to be pending within the meaning and intent of section 1169-of the Civil Practice Act.” Since pretrial examinations are permitted in a separation action (Goshin v. Goshin, 281 App. Div. 979), it follows that such relief may be granted ancillary to a motion, pursuant to section 1170 of the Civil Practice Act, for modification of a separation decree (Wade v. Wade, 119 N. Y. S. 2d 599).
There is also ample precedent for an examination of witnesses pending a hearing before an Official Referee as to alimony payments (Wenglinsky v. Wenglinsky, supra; Goshin v. Goshin, supra, and Plohn v. Plohn, 281 App. Div. 1056).
A reading of defendant’s deposition reveals that he is the sole owner of a prosperous business. He maintains a personal and business checking account and draws liberally from both accounts for personal needs. Since the parties’ separation, defendant has created subsidiary corporations through which he transacts business. He professes ignorance of his financial interest, both real or beneficial in these subsidiary corporations. During the examination he continually referred to his accountant and bookkeeper as persons better familiar with the complicated corporate structure, his financial position, net worth, yearly income, and expenditures than he was. A member of his family has been placed on his payroll and has been given a controlling interest in a subsidiary corporation. In view of defendant’s protestations of ignorance as to the corporate structure of his business, his lack of candor and his complete reliance upon others to explain his financial position, sufficient special circumstances are indicated to warrant the granting of this motion. To declare otherwise would be to impede the original decision *1006 that the parties are entitled to a full inquiry into defendant’s ability to pay and plaintiff’s alleged change of circumstances and denial of visitation privileges.
The motion is granted to the extent of permitting the examinations only insofar as they relate to defendant’s employment, income, assets, mode of living, net worth, and the financial benefit either direct or indirect, real or beneficial which he derives from the stated corporations. All books, records and papers shall be produced for use pursuant to section 296 of the Civil Practice Act. That part of the motion which seeks leave to amend the notice of motion of June 29, 1956, to increase the amount of counsel fees requested is granted to that extent only. The ultimate amount to be awarded, however, is left for determination at the final disposition of the pending motion on which a hearing in support thereof is now before an Official Referee. The request for an interim award of counsel fee, on account, is denied. Settle order.