Benjamin Brenner, J.
Motion to examine defendant husband as to present income prior to a hearing for an increase of support provisions provided, in final decree. The examinations for this purpose were allowed in Levine v. Levine (N. Y. L. J., Aug. 26,1957, p. 6, col. 6); Wade v. Wade (119 N. Y. S. 2d 599); Citron v. Citron (5 Misc 2d 1004) and Scheffer v. Scheffer (183 Misc. 344). Defendant has called the court’s attention to Greer v. Greer (147 N. Y. S. 2d 724) disallowing the examination. It will be noted that Justice Matthew M. Levy there assumed that there was authority for the examination but felt that the hearing would encompass the purposes sought by the examination. We may, of course, assume that the trial or hearing of any cause often extends to the subject matter of the sought-after prior examination but that alone should not, in every case, be ground for denying it. Defendant also calls attention to Haber v. Haber (198 Misc. 715) wherein the examination was denied because it does not “carry the judgment into effect.” It seems to me that if the altered earnings in this instance should truly warrant an increase of support payments from $17 weekly to $300 weekly, the examination is most necessary to carry a realistic and meaningful decree into effect. 1 regard the examination to be warranted.
Motion is granted. Settle order on notice.