■ PRICE H. TOPPING et al., Appellants, v. TOWN OF MAMARONECK et al., Respondents.— Motion for leave to appeal to the Court of Appeals denied. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ. [See 4 A D 2d 887.]

■ VILLAGE OF PORT CHESTER, Appellant, v. FRANCIS J. SHEEHAN, Respondent.— This motion, while nominally to authorize appellant "to limit the printing of the record solely to the testimony pertaining to the trade fixtures for which an award of $6,500.00 was made by the Commissioners" is, in reality, intended as a motion: (a) to abridge the record or case on appeal by omitting therefrom a certain portion which appellant claims to be unnecessary for a consideration of the points to be raised by it on the appeal, and (b) to settle the case on appeal as thus abridged. The scope of this appeal, as indicated by the notice of appeal, would appear to require that a case be settled in accordance with the provisions of the Civil Practice Act applicable to an appeal from a judgment after trial in an action in the Supreme Court (Condemnation Law, § 19). Motion denied, without costs, and without prejudice to a subsequent motion to dispense with printing, as indicated below. A motion, such as this one — to abridge the contents of the record to be presented on an appeal — must be addressed to the Trial Justice. "Proper practice requires that the case on appeal be settled by the trial justice and not by this court" (*Hopper* v. *Comfort Coal-Lumber Co.,* 276 App. Div. 869, and authorities there cited; *Boylan* v. *Southern Pacific Co.,* 253 App. Div. 195; *People ex rel. Lowenstein* v. *Lowenstein,* 281 App. Div. 699). Appellant's attention, however, is called to the fact that, in view of the restricted nature of this appeal involving a condemnation proceeding, the proposed abridgement of the record may prevent a consideration of the merits of the appeal (cf. Condemnation Law, § 15; *Matter of New York Municipal Ry. Corp.* v. *Holliday,* 189 App. Div. 814, affd. 228 N. Y. 561). Of course, after the case has been settled, appellant, if so advised, may make a motion in this court to dispense with the printing of any portion of the settled case or for permission to submit such portion in typewritten or other form. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ.

■ KATHERINE R. BALMER, Respondent, v. FREDERICK J. BALMER, Appellant.— By a judgment entered July 24, 1941, respondent was divorced from appellant, and appellant was directed to pay alimony of $17 a week. By an order dated June 24, 1957, respondent's motion to modify the judgment so as to increase the amount of alimony to $300 a week was referred to an Official Referee to hear and determine. The appeal is from an order dated November 4, 1957, granting respondent's motion to examine appellant prior to the hearing before the Official Referee, as to appellant's earnings and financial condition. Order affirmed, with $10 costs and disbursements. Considering the length of time that has elapsed since the fixation of alimony, the obvious increase in respondent's living costs and the alleged increase of appellant's earnings, the granting of this motion was not an abuse of discretion. Furthermore, the order appealed from provides a procedure to carry the judgment into effect pursuant to section 293 of the Civil Practice Act and was granted pursuant to sections 1169 and 1170 of the Civil Practice Act (*Fox* v. *Fox,* 263 N. Y. 68; *Goshin* v. *Goshin,* 281 App. Div. 979; *Wenglinsky* v. *Wenglinsky,* 282 App. Div. 1015; *Scheffer* v. *Scheffer,* 183 Misc. 344; *Wade* v. *Wade,* 119 N. Y. S. 2d 599; *Citron* v. *Citron,* 5 Misc 2d 1004). Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.