Matthew M. Levy, J.
The plaintiff duly obtained a final judgment permanently enjoining the defendant “ and each and all of its officers, agents, servants and employees and each and every person and instrumentality affiliated with, or subsidiary to, acting in concert with, or subject to the control of the defendant ” from “ directly, or indirectly advertising, offering for sale or selling within the State of New York ” any of the plaintiff’s trade-marked drug or cosmetic products at less than the prices established therefor by the plaintiff pursuant to statute (General Business Law, § 369-a et seq.) Thereafter, the plaintiff secured an order requiring the defendant to show cause why it should not be punished for contempt for violating the judgment by selling plaintiff’s fair-traded products below their established retail sales prices. The application thereon has not yet come before the court for argument.
The plaintiff’s allegations of contempt are denied by the defendant. It appears that the defendant sublet a part of its premises to Soljac Realty Corp., which in turn sublet to Shelbac Sales Oorp., the entity which, it is asserted by the defendant, owns and operates the drug business at the defendant’s premises, and that it is Shelbac — with which defendant has no connection whatever — that is responsible for the cut-price sales alleged in the moving papers. The plaintiff alleges (and it is not denied) that the defendant’s president is an organizer and director of Soljac, but that is as far as the plaintiff’s proof goes at the present time.
The plaintiff has now moved before me to examine the defendant, pursuant to section 293 of the Civil Practice Act, preliminary to proceeding with the contempt application. The plaintiff seeks information, by way of this proposed examination, to tie in the defendant with the alleged sales, and thereby — to use the language of section 293 — “ to carry the judgment into effect.” The contempt proceedings will turn, of course, upon whether or not the defendant participated in or controlled the actions of the concern that sold the product below the fair-trade price. Obviously, the relevant facts concerning such relationship, if any, are within the peculiar knowledge of the defendant.
The defendant contends that the instant application should be denied as unnecessarily duplicative, since the hearing of the *995 issues on the contempt motion will most likely be referred to an Official Referee, and the examination can then be had at the same time that the proof is presented. The three cases cited by the defendant in support of its contention are clearly distinguishable, Greer v. Greer (147 N. Y. S. 2d 724)* and Weiss v. Weiss (58 N. Y. S. 2d 396) were matrimonial controversies, and, moreover, references had already been ordered there, during the course of which proceedings the Referee in each case would have the opportunity, in effect, to take the defendant’s deposition before him. The case at bar, on the other hand, involves a commercial controversy, and also no hearing or reference has been ordered in the contempt proceeding and there is no assurance that one will be. In Bissell Carpet Sweeper Co. v. Mann (N. Y. L. J., Dec. 24,1957, p. 4, col. 5), also cited by the defendant, the court denied the motion for the post-judgment examination of the defendant because the evidence sought was not essential in proving the contempt itself but went only to the willfulness of the contempt and the nature of the fine to be imposed — which is not the issue here at this time. (Cf. Buckley v. Buckley, 206 Misc. 981, 982-983; Kirshner v. Kirshner, 7 A D 2d 202; but, see, Hurwitz v. Hurwitz, 3 A D 2d 744.)
The disposition of a motion of this character rests in the sound discretion of the court. In my view, a sufficient showing has been made that the examination will aid in the enforcement of the judgment and permit the plaintiff effectively to prepare for the contempt proceedings. (See Scheffer v. Scheffer, 183 Misc. 344.) It may be that the motion to punish should not have been initiated until after the desired proof had been procured by the plaintiff; but, in view of the fact that the sales complained of were made in the same premises as those occupied by the defendant, it is not surprising that the plaintiff believed that it was the defendant, directly or indirectly, who made the sales. It may be that the facts obtained by the plaintiff on the examination — if they sufficiently support the defendant’s denials — ■ will result in the withdrawal of the contempt application.
Accordingly, the motion is granted, and the defendant, by an officer, director or employee having knowledge of the facts, is directed to appear and submit to examination, pursuant to section 293 of the Civil Practice Act, at Special Term, Part II, of this court on November 30, 1959, at 10:00 a.m., at which time pertinent books and records are to be produced for use pursuant to section 296 of the Civil Practice Act.

 My decision in the Greer ease has not been followed in the Second Department (Balmer v. Balmer, 10 Misc 2d 880, affd. 5 A D 2d 830).