■ UNION FOLDING BOX CORP. et al., Appellants, v. MAX BELL et al., Respondents.— In an action for an injunction and to recover damages for violation of a restrictive covenant, plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County, dated September 17, 1962, as denied their motion to examine defendants before the trial which the court, upon granting plaintiffs' motion for summary judgment, had directed for the purpose of assessing their damages. Order, insofar as appealed from, affirmed, with $10 costs and disbursements. The assessment shall be held upon 10 days' written notice or upon a date to be mutually fixed by the parties, subject to the approval of the Justice presiding. Plaintiffs seek to sustain their right to the examination under section 293 of the Civil Practice Act. In our opinion, a hearing to assess damages upon the granting of a motion for summary judgment does not take place "after judgment;" nor is it, as urged by plaintiffs, a proceeding in aid of the final judgment or one designed "to carry the judgment into effect" within the meaning of the statute (Civ. Prac. Act, § 293). Under subdivision 3 of rule 113 of the Rules of Civil Practice, it is only after "the rendering of the assessment" that "the entry forthwith of the appropriate summary judgment" is to be directed. Plaintiffs, therefore, prior to the assessment, are not entitled to examine the defendants pursuant to section 293 of the Civil Practice Act. Neither *Bristol-Myers Co.* v. *Bargaintown U. S. A.* (24 Misc 2d 993, affd. 11 A D 2d 668) nor *Balmer* v. *Balmer* (10 Misc 2d 880, affd. 5 A D 2d 839) held to the contrary. In those cases the testimony by deposition was sought to be taken *after* the entry of final judgment. However, plaintiffs may well have established their right to the examination under other statutory provisions if they had moved with due diligence (cf. Civ. Prac. Act, §§ 288, 303; *Shemitz* v. *Junior Center*, 74 N. Y. S. 2d 34). Plaintiffs did not proceed with due diligence. It appears that, although the trial for the assessment had been noticed for the March 1962 Term, plaintiffs failed to move for the preassessment examination until September 7, 1962 — only 10 days in advance of the date fixed for the trial. No reason or explanation for the six-month delay has been set forth in the moving affidavits. Under these circumstances, we are constrained to hold that in any event the Special Term's denial of plaintiffs' motion did not constitute an

improvident exercise of discretion. Beldock, P. J., Kleinfeld, Brennan, Hill and Rabin, JJ., concur.