■   GILLICK W. PERRY, an Infant, by LILLIAN O'GRADY, His Guardian ad Litem, et al., Appellants, v. MARANO TAURO, Defendant, and CORINO TAURO, Respondent.— In a negligence action to recover damages for personal injury, medical expenses and loss of services, plaintiffs appeal from an order of the Supreme Court, Westchester County, dated December 3, 1963, which denied their application to eliminate from the typewritten transcript of the stenographic minutes of the trial certain medical testimony upon the ground that such testimony is not material to their appeal to this court from a judgment of the Supreme Court, Westchester County, entered November 13, 1961, dismissing the complaint after a jury trial. Order affirmed, without costs. In denying this motion to settle an abridged typewritten transcript of the stenographic trial minutes, the trial court did so on the ground that, in the absence of the parties' consent, the court was without power under rule 5525 of the CPLR to settle any transcript which failed to include the "entire transcript" of the stenographic minutes of the trial. We are in accord with such interpretation of the rule. The settlement of the *typewritten* transcript here is not to be confused with the settlement of the *printed* record on appeal under the former Civil Practice Act. That act, as supplemented by the Rules of Civil Practice, did empower the Trial Judge to settle an abridged record. Indeed, the act and the rules required the parties to present to him for settlement a case or record which contained only the proceedings upon the trial which would be "material to the questions to be raised upon the appeal and no more;" and he was required to settle the record "accordingly" (Rules Civ. Prac., rules 232, 234; Civ. Prac. Act, § 576; *Boylan* v. *Southern Pacific Co.*, 253 App. Div. 195). The same abridgement of the *printed* record to be submitted to the appellate court can now be achieved much more effectively by utilizing fairly and properly the appendix method (CPLR 5528). However, the *typewritten* transcript, which is now required to be settled and filed (CPLR 5525), was never intended to displace the appendix or to be used as a substitute for the appendix (cf. *E. P. Reynolds, Inc.* v. *Nager Elec. Co.*, 21 A D 2d 306). It is primarily because a complete typewritten transcript settled by the trial court is available, that an appellant is authorized, without further settlement or court approval, to submit the appeal on a printed (or otherwise reproduced) appendix "containing only such parts of the record

on appeal as are necessary to consider the questions involved, including those parts the appellant reasonably assumes will be relied upon by the respondent" (CPLR 5528, subd. [a], par. 5). Thus, while the typewritten transcript and the printed appendix are related, each serves a distinctly different purpose (cf. *E. P. Reynolds, Inc.* v. *Nager Elec. Co., supra*). (For companion appeal, see *Perry* v. *Tauro,* 21 A D 2d 804.) Kleinfeld, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur.