Jack Stanislaw, J.
An award of temporary alimony has been made to the plaintiff (wife) in this separation action. Thereafter she served a notice to examine the defendant (her husband) before trial with particular regard to his financial affairs. He moves here for a protective order, emphasizing the apparent absence of special circumstances which might otherwise motivate the court to permit the examination. Although defendant claims that his ‘1 entire financial status ’ ’ was spelled out in his affidavit opposing the prior motion for temporary alimony, the memorandum decision thereon by Mr. Justice Cohalait, dated January 21, 1966, alluded to “ a serious conflict as to the value of assets of defendant and as to his income.”
Even if there had been no conflict previously there certainly is now. Plaintiff claims that defendant has been something less than candid in disclosing and evaluating his earnings and assets. Yet the defendant can see only a waste of time in his being called upon to duplicate that information extensively developed and summarized at great length just several weeks ago. The preliminary indications are that the defendant’s financial affairs are not uncomplicated. At best, the parties interpret them, wholly and in various parts, quite differently.
Disclosure in matrimonial actions has only recently become a genuine possibility in this Department, subject “ to the sound discretion of the Special Term ” (Kirshner v. Kirshmer, 7 A D 2d 202, 203). Exercise of this discretion so as to permit disclosure is closely scrutinized (i.e., Epstein v. Epstein, 21 A D 2d 799), for it is explicitly subject to appellate evaluation on the basis of the particular special circumstances said to warrant it (Campbell v. Campbell, 7 A D 2d 1011). A wife may simply and understandably have no information at all as to the actual state of her husband’s finances, and thereby be permitted disclosure. A sharp and real dispute over fiscal matters can also *744 lead to allowance of disclosure. (Gross v. Gross, 8 A D 2d 951; Campbell v. Campbell, supra.)
However, it can be observed that examinations before trial in matrimonial actions are normally denied. Caution is the by-product of a realization of the potential of this device for abuse. As a result, problems of proof upon trial can be at once both enormous and immediate, assuming the prima facie cause of action established. The more varied and complex a defendant’s assets the more awesomely difficult the wife’s job of evaluating them, circumstantially or directly, without prior confrontation and development. Nevertheless, the burden is hers to justify her lack of knowledge or develop a rational and comprehensible basis for dispute. This burden is not often very easily converted into permissive actuality (see, generally, 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.19).
We believe that the abuse potential of disclosure in matrimonial actions has been properly identified, but that it is also capable of being controlled if not eliminated. At CPLR 3104, the court is given the ability to supervise disclosure through the use of Referees. Responsible supervision is thus available on the court’s own initiative. The opportunities for realistic and informative examinations in matrimonial actions through the use of Referees as independent supervisory controls would appear substantial, as well as economic of time and developmental of necessary and material factual data.
We think plaintiff may have, and has, “qualified”, for an examination of defendant herein. The motion is therefore denied. Settle order, providing the name of a Referee to supervise disclosure on stipulation. Failing agreement and stipulation the court will insert the name of such Referee.