Morrie Slifkin, J.
In this support proceeding, under article 4 of the Family Court Act, the petitioner has served upon respondent a notice of examination before trial relating to the finances of the respondent. A copy of this notice has not been furnished to the court.
A motion has been made by the respondent under CPLR 3103 for a protective order denying petitioner the examination sought.
At the hearing conducted before the court, statements of the respondent and the financial information furnished by the parties established that respondent was employed ón a weekly basis, that this salary was his sole source of income and that he had remarried and was required to support his new wife and the child of that marriage. Petitioner has obtained a decree of another court establishing that petitioner is still the wife of the respondent and that the second marriage is, therefore, void. Petitioner claimed that respondent also had a substantial beneficial ownership of an interest in the corporation which employed respondent. It is this last issue which prompted the proposed examination.
*939 Where no specific method of procedure is provided by the provisions of the Family Court Act, the provisions of the CPLB control. (Family Ct. Act, § 165.) Although there is no specific provision in the Family Court Act for pretrial examination, it has been held that the provisions regarding pretrial disclosure under the CPLB can be used in appropriate cases in the Family Court. (Matter of Schwartz v. Schwartz, 23 A D 2d 204; Matter of “Doe” v. “Roe”, 40 Misc 2d 148; Family Ct. Act, § 435, subd. [a].)
In matrimonial actions, it has been the policy of thé Second Department to grant examinations before trial with relation to the financial status of the respondent husband (Kirshner v. Kirshner, 7 A D 2d 202; Kasden v. Kasden, 49 Misc 2d 743; Grossman, N. Y. Law of Domestic Delations, § 812). The First Department has granted such examinations where there has been a preliminary showing of special circumstances (Hunter v. Hunter, 10 A D 2d 291; La Mura v. La Mura, 22 A D 2d 658; Grossman, N. Y. Law of Domestic Delations, § 811).
The facts of the instant case require the granting of an examination before trial under the rule of either the First or Second Department in view of the claimed lack of knowledge on the part of petitioner concerning the actual state of her husband’s finances (Gross v. Gross, 8 A D 2d 951; Campbell v. Campbell, 7 A D 2d 1011) and the claimed ownership by the husband of a substantial interest in a privately owned corporation. These are circumstances which clearly merit further inquiry to the extent sought by the notice of examination referred to in this motion and as they are described in the papers submitted to the court.
It should be pointed out that the Family Court of the State of New York in and for Westchester County does not have a specific department or special personnel trained in the examination and audit of business records. The proposed examination would serve to save the time of the court and avoid a bulky record to the extent that the financial issues can be readily submitted to the court at hearing upon a limited number of factual issues as elicited by the examination. By reason of the foregoing, the motion for a protective order is denied in all respects.