Nanette Dembitz, J.
In this support proceeding brought under article 4 of the New York Family Court Act, petitioner moves for an order to permit her to take the deposition, upon oral examination, of respondent and his present wife as to their financial circumstances, and to require the production of certain records for use in connection with such examination.
In 1961 petitioner secured a divorce from respondent in Massachusetts, and also obtained an order from the predecessor of this court for the support of their three children, born respectively in 1948, 1952 and 1953. In 1963 respondent married his present wife; there are no children of this marriage.
Petitioner’s recent application to this court for upward modification of the support order was granted only to the extent of a $10 increase, from $25 to $35 a week for the three children. The modification was based on respondent’s admitted increase in weekly income; he testified that he now earns $105 a week *705 as a taxi driver, whereas he represented his previous income as $62 weekly as a luncheonette counterman. Now and for several months preceding petitioner’s application for increased support for her children she has been receiving public assistance for them from the Department of Social Services of New York City.
Petitioner’s attorney bases his motion for examination of respondent and his present wife on assertions that investigations indicate that she is gainfully employed although respondent claims she is not; that respondent may have a financial interest in the two-family home in which he lives although it is recorded as belonging to his wife and her adult son; that in any event respondent’s claim at the recent support modification hearing that his expenses include a substantial payment for rent is questionable; that respondent owns a new car; and that respondent, concealing his assets by putting them in his wife’s name, is fully capable of supporting his children.
I. Family Court’s Authority to Order Examination.
Under section 165 of the Family Court Act, providing that the CPLR applies to Family Court proceedings to the extent appropriate, it is clear that CPLR article 31 on disclosure can be enforced. Further, contrary to respondent’s contention that petitioner’s motion would lie only before initial entry of a support order, disclosure can be directed in connection with an application for its modification, particularly when, as here, the circumstances allegedly changed in the interim.[1] However, despite the general liberality intended by the CPLR as to disclosure, the rule of caution continues with respect to its grant in matrimonial actions,[2] and this principle applies to analogous proceedings in the Family Court. (See Matter of Schwarts v. Schwarts, 23 A D 2d 204, 208 [1st Dept., 1965].)
Certainly the fears voiced in matrimonial actions that disclosure devices may be used for harassment and may exacerbate family relations,[3] are likewise pertinent to Family Court child support cases; such a support order ordinarily endures for years, continually subject to modification. Thus, justification *706 for the examination sought by petitioner must be carefully appraised, the framework of law as to duties to support necessarily being the initial consideration.
II. Principles of Law on Duty to Support.
The primary question of law presented by the motion is whether the resources of respondent’s present wife are material in this proceeding.
In dealing with the support needs of two families, it is basic principle that the income of a man’s present wife cannot be treated as an increment to his means for the support of children of a previous marriage[4]. Increased child support payments by the father cannot be based on an improvement in his standard of living when it is attributable to his present wife’s assets. (See Commonwealth ex rel. Schearer v. Schearer, 208 Pa. Super. Ct. 196, [1966].)
However, under section 415 of the Family Court Act a stepparent is “responsible” for a “fair and reasonable sum” towards the support of minor children who are receiving or liable to need public assistance. (See Matter of Mercer v. Mercer, 26 A D 2d 450 [1st Dept., 1966].) And this section must be construed as applicable to a step-mother as well as a step-father. (See Department of Welfare v. Siebel, 6 N Y 2d 536 [1959], app. dsmd. 361 U. S. 535.)
While public authorities customarily are the initiating parties in the enforcement of this provision, the petitioner has an interest on behalf of her children, and as their parent and custodian, in attempting to relieve them of the necessity for public assistance, with its various undesirable concomitants. Thus, one basis for inquiry into the resources of respondent’s wife is petitioner’s right to a determination of whether she is able under all the circumstances to contribute to her step- children’s support. From this viewpoint the examination would be in effect for the purpose of framing a complaint against her (compare Matter of Roland, 10 A D 2d 263 [1st Dept., I960]); such an examination can be ordered ex parte. (Matter of Schellings & Co., 284 App. Div. 1050 [2d Dept., 1954]; Matter of Richey, 218 App. Div. 732 [2d Dept., 1926]; 3 Weinstein-Korn-Miller, op. cit. supra, par. 3102.07.)
The means of respondent’s wife are also pertinent from another standpoint. When she married him in' 1963 he already *707 had the duty to support three minor children and in fact an order for their support — far below their needs — existed. Under these circumstances, despite respondent’s legal obligation to support his present wife, her means for self-support are a factor in determining the availability of respondent’s resources for the support of his children. (Compare Phillips v. Phillips, 1 A D 2d 393, 397-398 [1st Dept., 1956], affd. 2 N Y 2d 742.)
III. Factual Justification fob Examination
Though the means of respondent’s wife are thus material in this proceeding, the conclusory statement by petitioner’s attorney that she may be employed would not, standing alone, justify grant of his motion.[5] However, some indication of her means is supplied by respondent’s own assertions that she is part owner of the two-family house in which they reside — from which she may collect rents — and that she was the purchaser of their new car. On the other hand, if it is true, as respondent indicates, that his wife has no present source of income, one would question whether she would have “ sold all her stocks ” to purchase the car, as respondent asserts, while living on the low income reported by respondent, and whether respondent has understated his income.
As to respondent’s possible financial interest in the house in which he and his present ivife reside, respondent points out that the title search shows that she and her son hold it as “ joint tenants, with right of survivorship ”. Though it seems unlikely under these circumstances that respondent contributed to the purchase of the house, its acquisition since the marriage is a circumstance justifying some inquiry.
While petitioner has not made a specific showing that respondent and his wife have income in addition to that admitted at the support modification hearing, the factors persuading the court to allow a limited examination are that respondent’s testimony seemingly lacked complete candor and bona fides (compare Campbell v. Campbell, 7 AD 2d 1011 [2dDept., 1959]); that not only petitioner has an interest but the public has an interest in determining whether the children can be supported without public assistance;[6] that the circumstances which petitioner seeks to examine are peculiarly within the knowledge of respondent and his present wife;[7] that she would in all likeli *708 hood be a reluctant or hostile witness;[8] and finally, though examinations must be guarded in this type of action to prevent harassment, nevertheless respondent’s improved standard of living while his children receive public support, would tend, until clarified, to exacerbate the family situation, and would occasion continuing question as to the fairness of the support order during the considerable period it has yet to run.
The examination of respondent and his present wife is permitted as to their financial circumstances, including the wife’s employment; the reasons for her unemployment if she is presently unemployed; her income other than wages; the circumstances of the purchase of the house in which they reside and of the car allegedly owned by respondent’s wife, as well as present financial arrangements with regard to both.
The petitioner’s request for the production of documents for use in the examination is over-broad; its grant in its entirety would constitute an unjustified invasion of privacy.[9] Respondent and his wife are to produce at the examination only the closing statement as to the purchase of the house, their income tax returns for the past year, and bank statements as to their accounts for the period since March, 1967. Production of further documents can be ordered if the examination reveals justification therefor.
Examination shall proceed on 10 days’ notice, with a subpoena to respondent’s present wife.

 See Balmer v. Balmer (10 Misc 2d 880 [Sup. Ct. Kings, 1957]); Wade v. Wade (119 N Y S. 2d 599 [Sup. Ct., Nassau, 1953]); Scheffer v. Scheffer (183 Misc. 344 [Sup. Ct., Nassau, 1944]); see, also, 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3102.19.

 La Mura v. La Mura (22 A D 2d 658 [1st Dept., 1964]); Nomako v. Ashton (20 A D 2d 331, 333 [1st Dept., 1964]).

 Hunter v. Hunter (10 A D 2d 291, 294 [1st Dept., 1960], mot. for rearg. or lv. to app. den. 10 A D 2d 937).

 Compare Trippe v. Trippe (19 N Y 2d 944, 945 [1907]), where the court held, that the resources of the father’s parents had been improperly taken into account in determining the father’s ability to support his children.

 See Van Aalten v. Mack (7 A D 2d 289, 290 [1st Dept., 1959]); Stewart v. Socony Vacuum Oil Co. (3 A D 2d 582, 584 [3d Dept., 1957]).

 Compare Mc Mams v. McMains (15 N Y 2d 283, 285, [1965]) with regard to need for public support as a special circumstance in support litigation.

 See Campbell, Hunter and Scheffer (cited supra).

 Courtland v. Brown, Harris, Stevens, Inc. (6 A D 2d 789 [1st Dept., 1958]); United States Life Ins. Co. v. Arenstem, (24 A D 2d 978 [1st Dept., 1965]).

 See Schwartz (cited supra); Grow Constr. Co. v. State of New York (54 Misc 2d 108 [Ct. Cl., 1967]) .