■ JANE E. MILES, Appellant, v. JOHN W. MILES, Respondent.— Order of the Supreme Court, Nassau County, dated August 21, 1968, affirmed, without

costs. No opinion. Brennan, Acting P. J., Munder, Martuscello and Klein-feld, JJ., concur; Benjamin, J., dissents and votes to reverse the order and deny defendant's motion to vacate plaintiff's notice of pretrial examination, with the following memorandum: This is a contested separation action brought by a wife against her husband. The husband is self-employed and, with his father, owns a wholesale and retail tire business which, according to the wife, does a substantial business for cash. The wife further says that she has absolutely no knowledge of her husband's assets or income. On these facts, Special Term granted the husband's motion to vacate the wife's notice to examine him before trial as to his finances, citing our holding in *Campbell* v. *Campbell* (7 A D 2d 1011) as authority. In my opinion, *Campbell* does not support Special Term's decision. *Campbell* merely said that in contested matrimonial actions a wife ordinarily has to show special circumstances entitling her to a pretrial examination concerning her husband's finances; and here I believe the wife has made the required showing by averring that her husband is self-employed and she has no knowledge of his income and assets (cf. *Kasden* v. *Kasden*, 49 Misc 2d 743; *Matter of Hirsch* v. *Hirsch*, 53 Misc 2d 938). Such construction of *Campbell* accords with modern practice permitting the fullest possible pretrial exploration of material, relevant issues; at the same time, by reason of the limited scope of such examinations, it avoids the dangers of harassment that might result from an unlimited exploration of all the issues in matrimonial actions (see *Berlin* v. *Berlin*, 17 Misc 2d 768 and cases cited therein; *Kasden* v. *Kasden*, *supra*). Moreover, as in this Judicial Department all issues in matrimonial actions are determined in a single trial (despite the erroneous statement to the contrary in *Berlin*), my construction of *Campbell*, unlike that of the majority, would eliminate the need for a two-stage trial, with an interruption to allow the wife, if success-ful in the first stage, to examine her husband concerning his finances before the second stage of the trial.