Isidore Levine, J.
In this proceeding by petitioner husband against respondent wife, for a downward modification of an order of support for respondent and one child contained in a foreign decree of divorce dated February 4, 1966, respondent moves for an examination before trial of petitioner.
Petitioner, in his verified petition dated June 5,1969, cites the following changes in circumstances as the basis for his application for reduction.
“ a — Petitioner remarried on 9/1/68 and his present wife is in her 9th month presently pregnant with child;
“ b — In the year prior to the order of the Mexican Court, petitioner earned a gross income of $43,166.52, less federal and state taxes. In the year 1968, petitioner’s gross income was $21,800, less federal and state and city taxes.”
The law appears well settled that examination before trial will be granted where special circumstances are presented. See Matter of Hirsch v. Hirsch (53 Misc 2d 938) where the Family Court of Westchester County held that special circumstances were shown, warranting an examination before trial, where a former wife claimed lack of knowledge concerning the actual state of her former husband’s finances and there was a claim that the husband had a substantial interest in a privately owned corporation. (See, also, Kasden v. Kasden, 49 Misc 2d 743; Heretakis v. Heretakis, N. Y. L. J., Oct. 31, 1968, p. 16, col. 6.)
In the case at bar it appears that the parties have been separated since November 5, 1965 and divorced since February 4, 1966, with the respondent claiming that she has no personal knowledge of the assets and income of the petitioner herein, who she claims is the sole stockholder of his own business, American Staple, Inc., at 36 Bainbridge Street, Brooklyn, N. Y.
In opposition to the respondent’s application for an examination before trial, petitioner cites and quotes Matter of Schwartz v. Schwartz (23 A D 2d 204, 208) as follows: “In proceedings in the Family Court, which are similar to matrimonial actions, there must be a preliminary showing of special circumstances before disclosure will be ordered. If disclosure is obtained pursuant to subdivision (a) of section 435, the necessity for disclosure must be demonstrated in the course of the hearing before a court audit can properly issue. ’ ’
In the instant case the necessity for disclosure has been demonstrated by the petitioner himself even before the trial, as reflected by his verifying petition for downward modification, dated June 5,1969 where amongst other things petitioner claims change of circumstances consisting of reduction of gross income *642 from $43,166.52 in 1965 to $21,800 in 1968. Accordingly, the petitioner himself has presented before trial under oath, changed special circumstances which would warrant an examination before trial in the light of all the circumstances herein. This is not a case where extensive colloquy between the court and counsel is the basis for an examination before trial as was interdicted in the Schwartz case (supra).
Another facet of this case is petitioner’s motion for an examination before trial of respondent which the parties agreed may be heard orally simultaneously with the respondent’s motion for an examination before trial of petitioner.
Ironically, it is the Schwartz case (supra) urged by petitioner, which is the authority for the denial of petitioner’s motion since 11 it was incumbent on petitioner to make a prima facie demonstration at the hearing [or prior thereto by sworn testimony as herein interpreted] of the changed circumstances ” (p. 207) which only then makes the respondent’s finances material. Oral argument and colloquy between court and counsel is not the equivalent of sworn testimony or proof.
Accordingly, respondent’s motion for an examination before trial of petitioner with respect to his income; assets and finances is granted and the respondent is directed to produce at said examination his personal income tax returns for the years 1965 to and including 1968 (note that 1964 has been eliminated since it is prior to the year in which the parties separated), as well as the corporate tax returns of American Staple, Inc., for the same period and all personal and corporate books and records including, but not limited to, canceled checks and bank statements for said period.
The petitioner’s motion for an examination before trial of respondent is denied.