Richard M. Palmer, J.
The respondent has moved upon notice and supporting affidavits for an order permitting him to take the deposition of the petitioner. The petitioner has submitted her affidavit and an affirmation by her attorney in opposition. The affirmation requests not only that respondent’s motion be denied but also that respondent be held in contempt for failing to obey a previous order in this proceeding providing that he be examined on May 13, 1971. The order was made by Judge Timone on April 23, 1971.
Respondent’s notice of motion states that it is based on special circumstances necessitating the taking of the deposition. However, neither of the two supporting affidavits specifies what respondent contends the special circumstances are. It has been held that there should be a showing of special circumstances before a deposition may be directed in a Family Court support proceeding. See Matter of Ohrstrom v. Ohrstrom (31 A D 2d 797) and note that the memorandum opinion in that case stated that “ A proper case for disclosure must be established by evidentiary proof ”. Compare 3 Weinstein-Korn-Miller N. Y. Civ. Prac. (par. 3101.19) and Matter of Schlossberg v. Schlossberg (60 Misc 2d 640) where the court found special circumstances in the petitioning husband’s claim of reduced gross income; Matter of Rann v. Rann (54 Misc 2d 704, 707) where the court found several special circumstances; and Matter of Adams v. Rhoades (56 Misc 2d 249, 257) where the court found insufficient special circumstances.
In the present case the court concludes that the respondent has not established a proper ease for disclosure by evidentiary proof. There is a claim about $18,000 in marital savings which the wife allegedly both “is possessed of” and “had diverted ’ ’, but there are no supporting dates, bank references, etc. The papers by the wife in opposition flatly deny the claim. While the court does not require a concession as a prerequisite to a finding of special circumstances, the denial does highlight the vagueness of respondent’s allegation in support of the motion.
*374 The petitioner has requested that the respondent be held in contempt for failure to obey the order that he be examined before trial. This motion is denied for two reasons.
The first reason is that there is insufficient support for the application. Under section 156 of the Family Court Act the application is governed by sections 750 and 753 of the Judiciary Law on criminal and civil contempts and by the related procedural sections. It is apparent that petitioner’s papers do not justify a contempt order.
The second reason for denial is that the court tends to believe the petitioner’s remedy should be under CPLR 3126. On this the practice commentary on that section by Professor Siegel at page 642 of McKinney’s Cons. Laws of N. Y., Book 7B [1970 ed.] is to be noted: “ It appears to be the intention of the Legislature to make the punishment of contempt unavailable against a party to the action for his failure to disclose.” (Cf. Matter of Handel v. Handel, 26 N Y 2d 853.)
This matter is scheduled for a hearing on June 28, 1971. The petitioner may seek relief under CPLR 3126 for any default by motion either before or at that hearing.
The respondent’s motion for an order permitting him to examine the petitioner is denied and so is the petitioner’s request that respondent be held in contempt.